JACOB JUCKER, PROSECUTOR, v. RECORDER'S COURT OF THE TOWN OF IRVINGTON, NEW JERSEY, DEFENDANT.

Submitted January 16th, 1945—Decided April 30, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the prosecutor, *Maurice Schapira.*

For the defendant, *John J. Gaffey* and *Herman W. Kurtz.*

The opinion of the court was delivered by

DONGES, J. This writ of *certiorari* brings up the conviction of the prosecutor in the Recorder's Court of the Town of Irvington for a violation of *R. S.* 33:1–77 which provides that anyone who sells an alcoholic beverage to a minor shall be guilty of a misdemeanor. Prosecutor signed a waiver of indictment and trial by jury.

The court below obtains its jurisdiction by virtue of *R. S.* 2:216–4, which provides that the recorder "shall, in addition to his other powers, try and determine all cases of assault. * * * and also other criminal offenses, the penalty for which does not exceed a fine of one hundred dollars, or imprisonment for a term not exceeding six months." The offense charged against the prosecutor is not one of those specifically named in the statute, so the jurisdiction of the court to try the offense must depend upon the general specification of "other criminal offenses, &c."

*R. S.* 33:1–51 provides the penalty for violation of *R. S.* 33:1–77 in the following language, "Any person who shall knowingly violate any of the other provisions of this chapter shall be guilty of a misdemeanor and punished by a fine of not less than fifty dollars and not more than two hundred fifty dollars, or imprisonment for not less than ten days and not more than ninety days, or both."

The contention of the prosecutor is that by virtue of this provision the offense is not one within the jurisdiction of the court because it is punishable with a fine in excess of $100.

It has been held that the limitations of punishment contained in *R. S.* 2:216–4, *supra,* do not refer to the specifically enumerated offenses mentioned in the act but that they do

apply to the general unnamed offenses. *DeFeo* v. *Recorder's Court of the Town of Belleville,* 129 *N. J. L.* 549.

The defendant contends that the recorder has jurisdiction in cases of offenses where either the fine does not exceed $100 or the imprisonment does not exceed six months, and that since the imprisonment in the statute here in question is limited to ninety days, the court had jurisdiction notwithstanding that the fine could be as much as $250. We think, however, that the jurisdictional limitation is applied when either the fine or the term of imprisonment exceeds the provision of the statute. Especially is this so in view of the provision of *R. S.* 2:216–5 that upon conviction of any such person the court "may impose such penalty or penalties as may be provided by law for the offense of which the defendant shall be convicted." If the court could obtain jurisdiction because either the fine or the imprisonment was within the limitation, it could then under the last quoted section impose the full penalty and create a situation where it exceeded the amounts set by *R. S.* 2:216–4. We think the proper construction is that the court has jurisdiction only in cases where neither the fine nor the imprisonment is greater than the limits of the statute.

Nor does the fact that prosecutor signed the waiver and went to trial operate to confer jurisdiction. It is a question of jurisdiction over the subject-matter and not over the person, and this may not be waived. *King* v. *Scala,* 110 *N. J. L.* 321.

The judgment is set aside.